JUDD et al. v. NEW YORK & T. S. S. CO. (Circuit Court, E. D. Pennsylvania. January 16, 1902.) At Law. On motion for new trial. Francis S. Laws and John F. Lewis, for plaintiffs. M. Dubois Miller, for defendant.

J. B. McPHERSON, District Judge. This case has been twice tried, occupying several days on each occasion. The first trial, which was before Judge Dallas, resulted in a disagreement of the jury, and the second trial would have had a similar conclusion, if, after the jury's fixed difference of opinion had become clear, the court had not directed a verdict to be rendered in favor of the defendant. I should have given this direction in the first instance, believing the testimony to be so decidedly in favor of the defendant that a verdict for the plaintiffs ought not to stand, if I had not wished to make the experiment whether the jury might not also follow what I regarded as the clear weight of the evidence. This was a practical reason, which may sometimes be effective toward the final settlement of a controversy. Moreover, as the question of law had been reserved whether there was any evidence to go to the jury in support of the plaintiffs' claim, judgment could have been entered for the defendant, even if the jury had taken the wrong view of the evidence and had rendered a verdict in favor of the plaintiffs. But when it appeared that there was no hope of an agreement, I felt bound to follow my own decided opinion, and to take the full responsibility for the verdict. Moreover, as the importance of the

case is so great that it is certain to reach the court of appeals, I should hardly have been justified in requiring the parties to go through the needless formality of a third trial before obtaining an authoritative decision upon the question whether the evidence is sufficient properly to support a verdict in favor of the plaintiffs. My own view of the case is contained in the charge, and I shall not repeat it even in outline, merely adding that what I said upon the single question submitted to the jury was, of course, said upon the assumption that, for the practical reason above referred to, it was more expedient to submit the question, in the hope that a verdict of some kind might be reached. A new trial is refused.